NO. 07-00-0574-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



 MARCH 28, 2003


______________________________



MICHAEL LEE MONTGOMERY
,




 Appellant


v.



THE STATE OF TEXAS, 




 Appellee

_________________________________



FROM THE 230TH DISTRICT COURT OF HARRIS COUNTY;



NO. 845063; HON. BOB BURNETTE, PRESIDING


_______________________________



 ON MOTION FOR REHEARING 
 _______________________________ 

Before QUINN and REAVIS, JJ., and BOYD, SJ. (1)

 Pending before this court is the motion for rehearing of appellant Michael Lee
Montgomery. Though he asserts several matters, we conclude that only one necessitates
extended consideration. It involves his contention that we failed to address his argument
in his supplemental brief that the Family Code and his right to due process were violated
by the failure of his counsel at his juvenile proceeding to obtain a psychiatric and a
psychological examination. The argument was made within the context of alleging that his
attorney was ineffective in specifically requesting that those examinations not be
conducted. Appellant did not separately argue and brief the contentions, however. Again,
he merely alluded to them in passing via a conclusory statement. Thus, the matters were
inadequately briefed and, therefore, presented nothing for review. Tex. R. App. P. 38.1(h)
(providing that the brief must contain a clear and concise argument for the contentions
made, with appropriate citations to authorities and to the record); Billy v. State, 77 S.W.3d
427, 429 (Tex. App.--Dallas 2002, pet. ref'd) (holding same).

 Furthermore, even if they had been preserved, we disagree with appellant's
contention that the failure of a juvenile to undergo a mental examination per §54.02(d) of
the Texas Family Code ipso facto renders invalid his certification as an adult. The statute
does require a juvenile court to "order and obtain a complete diagnostic study, social
evaluation, and full investigation of the child, his circumstances, and the circumstances of
the alleged offense" as a condition of certifying a minor to stand trial as an adult. Tex. Fam.
Code Ann. §54.02(d) (Vernon 2002). Yet, if psychological exams are not completed due
to interference by the juvenile or his attorney, certification may nevertheless result. For
instance, in R.E.M. v. State, 541 S.W.2d 841 (Tex. Civ. App.--San Antonio 1976, writ ref'd
n.r.e.), the accused juvenile refused to answer questions asked by psychiatrists since his
attorney advised him to remain silent. Consequently, those examining him could and did
not provide the juvenile court with complete diagnostic studies on the boy. Nonetheless,
the appellate court concluded that the absence of the studies did not alone preclude
certification. Id. at 845. Simply put, the court held that §54.02(d) did not require the
accomplishment of that which the juvenile and his attorney prevented. Id. And, a corollary
to this holding would be that due process is not denied to one who intentionally prevents
application of the process allegedly due. Indeed, this is nothing more than the application
of the invited error doctrine. One cannot complain about a situation he caused. 

 Given R.E.M., we deduce several conclusions. First, a juvenile defendant and his
attorney may indeed impede or thwart the trial court's compliance with aspects of
§54.02(d). Second, actively thwarting compliance with aspects of the statute does not
alone prevent the certification of the juvenile as an adult or result in the denial of any
process due the youth. And, because the juvenile and attorney may thwart compliance,
the decision to do so may well be a part of some reasonable trial strategy, as described in
our original opinion. Finally, since the trial court at bar ordered appellant to undergo
testing, his attorney demanded that he not be so tested and, consequently, he was not
tested, the absence of such testing did not in and of itself constitute a violation of
§54.02(d). Nor did it negate appellant's subsequent certification as an adult or deny him
due process. 

 With the foregoing said, we overrule all aspects of the motion for rehearing.


 Brian Quinn

 Justice


Do not publish.

 
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment. Tex. Gov't Code
Ann. §75.002(a)(1) (Vernon Supp. 2003). 



" SemiHidden="false"
 UnhideWhenUsed="false" Name="Medium List 1"/>
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 









NO. 07-10-00508-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL C

 



MARCH
9, 2011

 



 

LESHAWN MCREYNOLDS, APPELLANT

 

v.

 

THE STATE OF TEXAS, APPELLEE 



 



 

 FROM THE 108TH DISTRICT COURT OF POTTER
COUNTY;

 

NO. 60,114-E; HONORABLE DOUGLAS WOODBURN, JUDGE



 



 

Before QUINN,
C.J., and HANCOCK and PIRTLE, JJ.

 

 

ORDER
OF ABATEMENT AND REMAND

Appellant, Leshawn
McReynolds, filed a notice of appeal from his placement on ten years deferred
adjudication community supervision for possession of a controlled substance,
marijuana.  On January 19, 2011, this
Court received a request from the trial court clerk for extension of time to
file the clerks record.  This motion
indicated that appellant has not paid or made arrangements to pay for the
clerks record nor has an attorney appeared on the case for appeal.  On that same date, this Court granted the
clerks request for extension, and sent separate notice to appellant regarding
his failure to pay for or make arrangements to pay for the clerks record.  Further, this Court notified appellant that,
if this Court did not receive the clerk=s record or a certification from the clerk or appellant that
the record had been paid for or that satisfactory arrangements had been made
for the preparation of the record by February 21, 2011, this Court may dismiss
the appeal for want of prosecution.  See
Tex. R. App. P. 37.3(b).  We have not received the clerks record and,
in fact, received another request for extension of time to file the clerks
record, which again indicates that appellant has not paid or made arrangements
to pay for the clerks record nor has an attorney appeared on the case for
appeal.  

Additionally, appellants notice of
appeal was submitted by Darrell R. Carey. 
Carey expresses appellants desire to appeal, and indicates that he was
trial counsel for appellant.  However,
Carey also states that he has not been appointed or retained on the
appeal.  In this Courts January 19,
2011 correspondence, we expressly informed Carey that as the attorney whose
signature first appears on appellants notice of appeal, Carey is properly
designated as lead counsel for appellant in this appeal.  See Tex.
R. App. P. 6.1.  We also expressly
informed Carey that, to the extent that the notice of appeal was intended to
constitute a nonrepresentation notice, it is
deficient.  See Tex. R. App. P. 6.4.  Finally, we noted that Careys statement in
the notice of appeal could not be construed to constitute a motion to withdraw,
see Tex. R. App. P.
6.5(a), (b), and that nothing in the record available to the Court indicates
that the trial court had permitted Carey to withdraw from continued
representation of appellant.  

Because
the clerks record has not yet been filed and due to the confusion regarding
representation of appellant on appeal, we now abate this appeal and remand the
cause to the trial court.  See Tex. R. App. P. 37.3(a)(2).  Upon remand,
the judge of the trial court is directed to immediately cause notice to be
given of and to conduct a hearing to determine: (1) whether appellant desires
to prosecute this appeal; (2) if appellant desires to prosecute this appeal,
whether appellant is indigent; (3) if appellant is indigent and desires to
prosecute the appeal, whether he is entitled to have the appellate record
furnished without charge; (4) whether present counsel for appellant has
abandoned the appeal; (5) if appellant desires to prosecute this appeal and is
indigent, whether appellant=s present counsel should be replaced;
and (6) what orders, if any, should be entered to assure the filing of
appropriate notices and documentation to dismiss appellant=s appeal if appellant does not desire
to prosecute this appeal or, if appellant desires to prosecute this appeal, to
assure that the appeal will be diligently pursued.  If the trial court determines that the
present attorney for appellant should be replaced, the trial court should cause
the Clerk of this Court to be furnished the name, address, and State Bar of
Texas identification number of the newly-appointed or newly-retained
attorney.  

The
trial court is directed to: (1) conduct any necessary hearings; (2) make and
file appropriate findings of fact, conclusions of law, and recommendations and
cause them to be included in a supplemental clerk=s record; (3) cause the hearing proceedings to be transcribed
and included in a supplemental reporter=s record; (4) have a record of the proceedings made to the
extent any of the proceedings are not included in the supplemental clerk=s record or the supplemental reporter=s record; and (5) cause the records
of the proceedings to be sent to this Court. 
In the absence of a request for extension of time from the trial court,
the supplemental clerk=s record, supplemental reporter=s record, and any additional
proceeding records, including any orders, findings, conclusions, and
recommendations, are to be sent so as to be received by the Clerk of this Court
not later than April 4, 2011.

 

Per Curiam

Do not publish.